Filed 10/7/20  P. v. Hulsey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C090855 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F6091) |
| v. | |
| CARL DUDLEY HULSEY III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Carl Dudley Hulsey III has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal that would result in a judgment more favorable to defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we modify the judgment to dismiss all outstanding counts which should have been dismissed pursuant to the plea agreement and direct correction of the corresponding minute order.  We affirm as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

When defendant's wife of four years tried to enter their residence, defendant slammed the door on her foot and punched her repeatedly. Wife's sister tried to help wife and defendant repeatedly punched her in the face, hit her in the head with a brick, and choked her. Defendant eventually ran from law enforcement officers to evade arrest.

He was charged with nine counts with one added for the plea and pleaded guilty to three counts: 1) corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1] with a serious bodily injury enhancement (§ 12022.7, subd. (e)); 2) assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) with a great bodily injury enhancement (§ 12022.7, subd. (a)); and 3) resisting arrest (§ 148). Pursuant to the plea agreement, the remaining seven counts were to be dismissed.

The trial court sentenced defendant to the agreed-upon term of 11 years in prison: four years on the spousal abuse charge with an additional five years on the associated bodily injury enhancement, a consecutive one year on the assault charge and an additional one year on the associated bodily injury enhancement, and a concurrent one year on the resisting arrest charge. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), an identical stayed parole revocation fine (§ 1202.45), a $40 per felony count court operations assessment (§ 1465.8), and a $30 per felony count criminal conviction assessment (Gov. Code, § 70373). The court awarded defendant a total of 16 days of presentence custody credit but failed to dismiss the remaining counts and allegations. The court later denied defendant's request for a certificate of probable cause and increased the number of custody credits by one day.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

The trial court failed to dismiss the balance of the charging document. Because dismissal was part of the plea agreement, we modify the judgment to do so. (§ 1260.) The court should prepare an amended minute order to reflect this modification.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to dismiss the balance of the charging document. As modified, the judgment is affirmed. The trial court is directed to amend its minute order to reflect the dismissal of all remaining counts.

       /s/<br>
Duarte, J.

We concur:


   /s/<br>
Hull, Acting P. J.



   /s/<br>
Murray, J.

3